## DICKSON et al. v. PURITY STORES, Inc.
### No. 7168.

Circuit Court of Appeals, Ninth Circuit.
Feb. 5, 1934.

736

Frank Orwitz, of San Francisco, Cal. (S. T. Hogevoll and Sidney Rhein, both of San Francisco, Cal., of counsel), for appellants.

Fred A. Watkins, of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

■ Plaintiffs in the court below, appellants here, are the tenants of the second floor of a store and office building in Santa Rosa, Cal., where they maintain dental offices, and appellee, defendant below, who operates a grocery business, is the tenant of the first floor, of the same building. The appellee for several years has occupied the entire ground floor of the two-story building in question; at one side of the front of the store is an entrance to the second floor; from the commencement of its tenancy, appellee maintained across the entire front of the building and extending across this entrance a canvas awning which can be raised and lowered as desired; a sign 2½ feet wide extending across the entire front of the building was maintained by appellee above the awning. The landlord gave the tenants of the lower floor permission to maintain the awning and the sign, which does not extend to the second floor. Thus the appellee was entitled by the terms of its lease of the first floor to maintain the sign and awning complained of by appellants. The condition complained of existed when appellants leased the second floor and they saw the sign and awning and in taking their lease necessarily took it subject to the right of the tenant of the ground floor to maintain both sign and awning as theretofore done.

Appellants claim that appellee's sign and awning constitute a nuisance, and brought this suit to enjoin the alleged nuisance and for $25,000 damages, alleging they were entitled to the possession of the entire second floor, together with the stairway and entrance thereto leading from the front of the building on the first floor. They also claim that appellee's sign interfered with their dental business and that the awning over the doorway of their entrance darkened the stairway to the upper floor and made it dangerous, and that it also hid the street number above the door.

■ At the close of the plaintiff's evidence a motion to dismiss was made by the appellee at the suggestion of the trial court. It was granted and a decree of dismissal entered accordingly. This was correct. The appellee had a right to maintain its sign and awning, and the appellant's rights were subordinate thereto. There was no such showing of dangerous condition of the stairway by reason of darkness as would justify a conclusion that the awning constituted a nuisance. The only theory upon which the claim that the awning constituted a nuisance could be maintained would be that it constituted an invasion of the rights of the appellants. It did not. On the contrary, the appellants are seeking to have the court invade the rights of the appellee. There is no merit in the case, and the appeal is frivolous.

Decree of dismissal affirmed.